[842 NE2d 480, 808 NYS2d 582]

In the Matter of the Estate of RAYMOND P. WIRTH, Deceased. DREXEL UNIVERSITY, Respondent; RAYMOND P. WIRTH, JR., et al., Appellants.

Argued October 19, 2005; decided November 22, 2005

### APPEARANCES OF COUNSEL

*Jones & Jones*, Garden City (*Lawrence T. Jones* of counsel), for appellants.

*Poles, Tublin, Stratakis, Gonzalez & Weichert, LLP*, New York City (*Scott R. Johnston* of counsel), for respondent.

*Reed Smith LLP*, New York City (*Peter D. Raymond, Martha H. Munsch, Kim M. Watterson* and *Catherine S. Ryan* of counsel), for Allegheny College and others, amici curiae.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

Shortly before his death in 2000, Raymond Wirth executed a pledge agreement that provides, in part: "In consideration of my interest in education, and intending to be legally bound, I, RAYMOND P. WIRTH, irrevocably pledge and promise to pay DREXEL UNIVERSITY the sum of ONE HUNDRED FIFTY THOUSAND and 00/100 Dollars ($150,000.00)." It is undisputed that the pledge is governed by Pennsylvania law. Pennsylvania's Uniform Written Obligations Act (Pa Stat Ann, tit 33, § 6), enacted in 1927, provides: "A written . . . promise, hereafter made and signed by the person . . . promising, shall not be invalid or unenforceable for lack of consideration, if the writing also contains an additional express statement, in any form of language, that the signer intends to be legally bound."

By the plain terms of the statute, Wirth's pledge was not "invalid or unenforceable for lack of consideration," and Wirth's estate has no other defense to Drexel's claim. The estate argues that there was a "failure" rather than a "lack" of consideration, but this argument rests only on confusion. A "failure of consideration" means a failure to render the performance the parties agreed on (2-5 Corbin, Contracts § 5.20 [2005]). In this

case, there is no basis for asserting that Drexel failed to render any required performance.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSEN-BLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed, with costs, in a memorandum.